UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORFIN, LLC, a Michigan Limited Liability Company,

    Plaintiff,

vs

AEYE, INC. a Delaware corporation,

    Defendant.

USDC Case No.

State Case No. 21-002525-CB
Wayne County Circuit Court

| | |
|---|---|
| THE MILLER LAW FIRM, PC<br>E. Powell Miller (P39497)<br>Seth D. Gould (P45465)<br>Daniel L. Ravitz (P83031)<br>*Attorney for Plaintiff*<br>950 W. University Drive, Suite 300<br>Rochester, MI 48307<br>epm@millerlawpc.com<br>sdg@millerlawpc.com<br>dlr@millerlawpc.com | JAFFE, RAITT, HEUER & WEISS, P.C.<br>Steven R. Lefkofsky (P44101)<br>Jonathan Sriro (P52100)<br>*Attorneys for Defendant*<br>28 West Adams Avenue, Suite 1500<br>Detroit, MI 48326<br>slefkofsky@jaffelaw.com<br>jsriro@jaffelaw.com |

**<u>DEFENDANT'S NOTICE OF REMOVAL BASED UPON
DIVERSITY OF CITIZENSHIP</u>**

    NOW COMES Defendant, AEye, Inc., and pursuant to 28 U.S.C. §§ 1441, 1446, and E.D.Mich. LR 81.1, hereby files this Notice of Removal of a cause of action filed in the 3rd Judicial Circuit Court (Wayne County Circuit Court) of the State of Michigan, entitled *Orfin, LLC v AEye, Inc.*, Case No. 21-002525-CB, and states:

5185671

1. This action was commenced in the 3rd Judicial Circuit Court, Wayne County, Michigan, on February 24, 2021, and process as well as the initial pleading setting forth the claim for relief upon which the action is based, was first served on Defendant on March 4, 2021.

2. The action is a civil action for specific performance, breach of contract, and promissory estoppel, and pursuant to 28 U.S.C. §1332(a)(1), this Court has original jurisdiction over the matter.

3. There exists complete diversity of citizenship of the parties. Upon information and belief, Plaintiff, Orfin, LLC, is a limited liability company organized in the State of Michigan, with its principal place of business in Troy, Michigan. Upon information and belief, and based on representations by Orfin's counsel, none of its members, or the members or partners of its unincorporated members, are citizens of California or Delaware (Complaint ¶1). Defendant, AEye, Inc., is incorporated in the State of Delaware, with its principal place of business in California.

4. The amount in controversy is in excess of $75,000, based upon the allegations in the Complaint, in which Plaintiff seeks specific performance, and monetary damage, based on an alleged right to invest $2.5 Million in a convertible note offering.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests, and Plaintiff and Defendant are citizens of different states.

6. No previous application has been made for the relief requested herein.

7. A copy of all process, pleadings, and orders served upon Defendant, as well as a Proof of Service of written notice of this Notice of Removal to all adverse parties, and a copy of same being filed with the clerk of the State Court, is being filed with this notice as required by 28 USC §1446(a) and (d).

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is also being filed with the Clerk of the Circuit Court for the County of Wayne, State of Michigan.

9. By filing this Notice of Removal, Defendant does not waive, and hereby reserves, its right to assert any and all objections and defenses to Plaintiff's Complaint, including, but not limited to, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, improper venue, and forum non conveniens.

WHEREFORE, the Defendant respectfully requests that this action be removed from the State of Michigan, Circuit Court for the County of Wayne, to the United States District Court for the Eastern District of Michigan, and that

this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy.

|  |  |
|---|---|
| Dated:  March 25, 2021 | Respectfully submitted,<br>JAFFE, RAITT, HEUER & WEISS, P.C.<br><br>By:   /s/ Steven R. Lefkofsky<br>JAFFE, RAITT, HEUER & WEISS, P.C.<br>Steven R. Lefkofsky (P44101)<br>Jonathan Sriro (P52100)<br>*Attorneys for Defendant*<br>28 West Adams Avenue, Suite 1500<br>Detroit, MI 48326<br>slefkofsky@jaffelaw.com<br>jsriro@jaffelaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and served a copy of such filing on counsel of record via U.S. First Class Mail.

/s/ *Tina M. Neddermeyer*
Tina M. Neddermeyer
Email:  tneddermeyer@jaffelaw.com

# WAYNE COUNTY CIRCUIT COURT
# CASE #21-002525-CB FILINGS

DEFENDANT'S NOTICE OF REMOVAL BASED UPON
DIVERSITY OF CITIZENSHIP

Approved, SCAO

Original - Court  2nd Copy - Plaintiff
1st Copy- Defendant  3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-002525-CB<br>Hon. Brian R. Sullivan |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                    Court telephone no.: 313-224-2447

| **Plaintiff's name(s), address(es), and telephone no(s)**<br>Orfin, LLC | v | **Defendant's name(s), address(es), and telephone no(s).**<br>AEye, Inc. |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br><br>Seth D. Gould 45465<br>950 W University Dr Ste 300<br>Rochester, MI 48307-1887 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains   ☐ is no longer pending.

Summons section completed by court clerk.                    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2/24/2021 | Expiration date*<br>5/26/2021 | Court clerk<br>Monica Atkinson |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS**
Case No. : **21-002525-CB**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:      (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
   List all documents served with the Summons and Complaint

_____
_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | **Total fee** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                        Date

My commission expires: _____    Signature: _____
                        Date                                Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                             Attachments
_____ on _____
                                                        Day, date, time

_____ on behalf of _____ .
Signature

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br>2021-      -CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s)<br>Orfin, LLC | v | Defendant(s)<br>AEye, Inc. |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O), MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

[***Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)***]

1. **Parties**. This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

   ☑ all of the parties are business enterprises

   ☐ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

   ☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

   ☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

   **AND**

2. **Actions**. This business or commercial action as defined by *MCL 600.8031(2)* involves,

   ☐ information technology, software, or website development, maintenance, or hosting

   ☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

   ☑ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

   ☐ commercial transaction, including commercial bank transactions

   ☐ business or commercial insurance policies

   ☐ commercial real property

   ☐ other type of business or commercial dispute (explain):

| February 24, 2021 | /s/ Seth D. Gould |
|---|---|
| Date | Signature |
|  | Seth D. Gould                    P45465 |
|  | Name (type or print)              Bar no. |

Monica Atkinson   2/24/2021 2:25 PM   Cathy M. Garrett   WAYNE COUNTY CLERK   21-002525-CB   FILED IN MY OFFICE

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| ORFIN, LLC, | Case No. 2021-      -CB |
| Plaintiff, | Hon. |
| v. | |
| AEYE, INC. | **This case qualifies for assignment to the Business Court pursuant to MCR 2.112(O)(1)** |
| Defendant. | |

There is no other civil action arising out of the same transaction or occurrence as alleged in the Complaint pending in this court, nor has any such action been previously filed and dismissed after having been assigned to a Judge.

_/s/ Seth D. Gould_

**THE MILLER LAW FIRM, P.C.**
E. Powell Miller (P39497)
Seth D. Gould (P45465)
Daniel L. Ravitz (P83031)
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com
sdg@millerlawpc.com
dlr@millerlawpc.com

*Attorneys for Plaintiffs*

# COMPLAINT

Plaintiff, Orfin, LLC ("Orfin"), by and through its counsel, The Miller Law Firm, P.C., and for its Complaint against Defendant, AEye, Inc. ("AEye"), states as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Orfin is a Michigan limited liability company organized under the laws of Michigan, with a principal place of business in Troy, Michigan.

2. AEye is a corporation incorporated in the state of Delaware.

3. AEye conducts business in Wayne County.

4. General and limited personal jurisdiction over AEye exists in Michigan under MCLA § 600.711 and § 600.715 because AEye entered into a convertible note purchase agreement with Orfin in Michigan. The funds were to be wired from Michigan and the Orfin partners reside and do business in Michigan. In addition, AEye conducts a continuous and systematic part of business in Michigan.

5. Subject matter jurisdiction is proper in this Court pursuant to MCL § 600.605 because the amount in controversy, exclusive of interest, costs and attorneys' fees, exceeds $25,000.

6. Venue is proper in this Court under MCL § 600.1621(a) because AEye conducts business in Wayne County.

7. This case qualifies for the Business Court pursuant to MCL § 600.8031 and MCL § 600.8035 because it is a qualifying business or commercial dispute arising out of business dealings and contractual agreements as defined at MCL § 600.8031(d).

## INTRODUCTION

8. This lawsuit concerns a dispute over a purchase agreement that Orfin entered into with AEye relating to a convertible note offering by AEye in December 2020. AEye offered to sell Orfin the convertible note subject to agreed terms and conditions, and Orfin accepted AEye's sale offer both orally and in writing without any modification of AEye's offer terms, thus forming a binding and enforceable purchase agreement between the parties.

9.      Orfin has filed this action because after it had accepted AEye's offer, AEye wrongly attempted to revoke this offer. AEye refuses to honor the parties' agreement thereby breaching this contract. In this proceeding, Orfin seeks specific performance of the purchase agreement to compel AEye to sell the convertible note on the parties' agreed terms. Alternatively, Orfin seeks money damages recoverable under the law.

## GENERAL ALLEGATIONS

10.     On November 23, 2020, AEye invited Orfin to invest in a fundraising round/extension involving convertible note financing.

11.     In particular, AEye offered to sell Orfin a convertible secured promissory note in the amount of $2.5 million.

12.     The share price of this offering was based on a specific valuation of AEye.

13.     AEye offered to sell the note at a discount rate of 10%, and 3% interest, among other terms.

14.     AEye has been actively trading convertible notes similar to the one at issue on many prior occasions, and AEye continued to trade convertible note in the weeks after Orfin's commitment.

15.     Consistent with AEye's sale offer, days later on November 30, 2020, AEye presented an Investment Presentation to Orfin.

16.     AEye also provided Orfin with full access to AEye's data room, and later advised Orfin on a call that AEye needed a firm acceptance of this offer by December 11, 2020, thus implying AEye would reserve the commitment if made by December 11, 2020.

17.     On December 11, 2020, after Orfin carefully reviewed the information provided by AEye, after Orfin communicated with AEye's board members, advisors, partners, and after Orfin

performed additional due diligence, Orfin *accepted* AEye's offer to sell the convertible secured promissory note for $2.5 million ("Purchase Agreement").

18. The terms of the Purchase Agreement are clearly described in the Investment Presentation and were relayed over other communications as well.

19. Orfin's oral and written acceptance did not add any new terms.

20. Orfin repeated its acceptance in writing and orally on December 14, 2020 ("I am happy to say we are committed to invest and are excited to get to work to help advance AEye.").

21. On that same day, AEye confirmed the Purchase Agreement by responding: "We are excited to have you part of the AEye Team!"

22. Accordingly, on at least four occasions, authorized representatives of AEye and Orfin confirmed the Purchase Agreement: (1) orally during a telephone call on December 11, 2020; (2) by text on December 12 and 13, 2020; (3) orally during a telephone call on December 14, 2020; and (4) confirmed in writing, pursuant to text messages on December 14, 2020.

> Great speaking! Thanks for helping us to move forward as an investor!

> Pleasure speaking as well Adam. We are excited to have you part of the AEye team!

23. During previous AEye financing rounds, AEye issued convertible notes without in-person meetings, and indicated transactions could be consummated remotely by electronic mail or facsimile, or by such other methods as AEye and the investor agreed to orally or in writing.

24. Ten days after the parties' entered into the Purchase Agreement, AEye indicated that it was no longer willing to sell Orfin the $2.5 million convertible secured promissory note without Orfin also agreeing to participate in a private investment in public equity (PIPE) purchase,

4

which is a financing vehicle associated with a special purpose acquisition company (SPAC) as a private company merges with a public blank-check vehicle.

25. The Purchase Agreement was not conditional or dependent on other developments, including a future SPAC or the whims of third parties engaged by AEye.

26. Orfin strongly objected to AEye's attempted revocation, and stated AEye was not honoring the parties Purchase Agreement.

27. After the fact, Orfin has learned AEye wrongly prioritized existing insiders and those already connected to AEye, which is contrary to the Investment Presentation that offered financing for "New investors".

28. Upon information and belief, AEye wrongly accepted investments by other investors *after* the Purchase Agreement.

29. Orfin brings this lawsuit because AEye has wrongly refused to sell Orfin the financing as described in the Purchase Agreement.

## COUNT I

### BREACH OF PURCHASE AGREEMENT – SPECIFIC PERFORMANCE

30. Orfin incorporates by reference all preceding paragraphs.

31. Orfin entered into a valid and binding Purchase Agreement with AEye to invest $2.5 million.

32. The terms of the Purchase Agreement are sufficiently certain, as described in the Investment Presentation and the oral and written communications between the parties. No open terms remained.

33. Orfin tendered performance of the Purchase Agreement by committing to pay AEye $2.5 million to purchase the shares.

34. AEye breached the Purchase Agreement when AEye refused to sell the $2.5 million convertible secured promissory note to Orfin.

35. AEye acted in bad faith and breached the implied covenant of good faith and fair dealing.

36. As a direct and proximate result of AEye's breaches, Orfin has suffered damages which are not an adequate remedy.

37. Legal remedies are inadequate because the $2.5 million convertible secured promissory note is unique.

38. Legal remedies are inadequate because damages will be difficult to ascertain.

WHEREFORE, Orfin requests entry of a Judgment against AEye in its favor for specific performance, to compel AEye to sell Orfin the $2.5 million convertible secured promissory, plus damages and such other relief as the Court deems necessary and just. Orfin remains ready, willing, and able to perform all obligations of the Purchase Agreement.

## COUNT II

### BREACH OF PURCHASE AGREEMENT – LEGAL DAMAGES

39. Orfin incorporates by reference all preceding paragraphs, and pleads this Count in the alternative.

40. Orfin entered into a valid and binding Purchase Agreement with AEye to purchase the convertible secured promissory note for $2.5 million.

41. The Purchase Agreement is supported by adequate consideration including, but not limited to, mutuality of obligations and performance (*i.e.,* AEye's offer to sell the convertible secured promissory note for $2.5 million, and Orfin's tender of $2.5 million to purchase the convertible secured promissory note).

42. AEye breached the Purchase Agreement when AEye refused to sell the $2.5 million convertible secured promissory note.

43. AEye acted in bad faith and breached the implied covenant of good faith and fair dealing.

44. As a direct and proximate result of AEye's breaches, Orfin has suffered damages.

WHEREFORE, Orfin requests entry of a Judgment against AEye in its favor in an amount to be determined by the Court, plus any additional damages to which it is legally entitled, including costs, interest, and attorneys' fees.

## COUNT III

## PROMISSORY ESTOPPEL

45. Orfin incorporates by reference all preceding paragraphs. Orfin pleads this Count in the alternative.

46. AEye, through its agents, promised to sell the convertible secured promissory note to Orfin according to the clear terms of the Purchase Agreement.

47. AEye made this promise by, *inter alia*, promising orally and via text messages.

48. The December 11, 2020 oral conversation, described *supra*, between Orfin's agent and AEye's agent, contained a promise by Orfin made in such a way as to justify Orfin's understanding that AEye was committing to sell the convertible secured promissory note to Orfin for $2.5 million.

49. The December 14, 2020 oral conversation, described *supra*, between Orfin's agent and AEye's agent, contained a promise by Orfin made in such a way as to justify Orfin's understanding that AEye was committing to sell the convertible secured promissory note to Orfin for $2.5 million.

50. The December 14, 2020 text message conversation, described *supra*, between Orfin's agent and AEye's agent, contained a promise made in such a way as to justify Orfin's understanding that AEye was committing to sell the convertible secured promissory note to Orfin for $2.5 million.

51. AEye's promises to sell the convertible secured promissory note to Orfin for $2.5 million were objectively definite and objectively clear.

52. AEye should reasonably have expected that such promises would induce action by Orfin of a definite and substantial character.

53. AEye's promise did in fact produce reliance and/or forbearance by Orfin of a definitive and substantial nature.

54. The circumstances are such that AEye's promise must be enforced if injustice is to be avoided.

55. The extent of the loss suffered by Orfin in reliance on AEye's promise can only be adequately compensated by, at the least, an order requiring AEye to sell the convertible secured promissory note to Orfin for $2.5 million and such out-of-pocket expenses incurred in preparation for performance or in the performing of the work that was induced by AEye.

WHEREFORE, Orfin requests entry of a Judgment against AEye in its favor requiring AEye to sell Orfin the convertible secured promissory note for $2.5 million, such damages as Orfin suffered in reliance on AEye's promise, plus whatever other damages and such other relief as the Court deems necessary and just.

                              Respectfully Submitted,

                              */s/ Seth D. Gould*
                              **THE MILLER LAW FIRM, P.C.**
                              E. Powell Miller (P39497)
                              Seth D. Gould (P45465)
                              Daniel L. Ravitz (P83031)
                              950 W. University Drive
                              Suite 300
                              Rochester, MI 48307
                              (248) 841-2200
                              epm@miller.law
                              sdg@miller.law
                              dlr@miller.law

                              *Attorneys for Plaintiff*

Dated: February 24, 2021